OPINION
{¶ 1} Defendant-appellant Richard Ditch appeals his conviction in the Stark County Court of Common Pleas on one count of domestic violence, a felony of the fifth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Martha Ollis and appellant were boyfriend and girlfriend for approximately four years, and on August 3, 2003, were living together in an apartment. On the evening of August 2, 2003, appellant and Ollis went out to drink at the local bar. They returned to the house around midnight, and entered the bedroom. Ollis' son, Randy Petros, was at the house, and could hear his mother yelling in the bedroom. After several minutes, appellant exited the bedroom and went into the living room with Petros. Ollis then ran out of the bathroom, exited the apartment and ran down the street. Appellant followed her, grabbed her, and physically brought her back to the apartment.
 {¶ 3} The commotion awakened Ollis' mother, who lived in the upstairs apartment. She looked out the window and saw appellant dragging Ollis back up the street towards the apartment. Sometime later, Ollis again left the apartment and ran to her mother's apartment. Ollis' mother then called the police.
 {¶ 4} Upon arrival, the responding officer asked Ollis, her mother and Petros to write witness statements. The officer also took photographs of Ollis' injuries; including facial bruising and swelling, and a handprint on her neck.
 {¶ 5} On August 3, 2003, appellant was arrested and charged with one count of domestic violence. On October 17, 2003, the Stark County Grand Jury indicted appellant on one count of domestic violence, a felony of the fifth degree. Appellant entered a plea of not guilty.
 {¶ 6} The trial court scheduled a jury trial in this matter for December 2, 2003. Despite being served with a subpoena by the State, Ollis did not appear for trial. Pursuant to Evid. R. 804(A), the court declared her unavailable and permitted her grand jury testimony to be read during the appellant's case. The jury found appellant guilty of domestic violence. Both parties agreed to stipulate with regard to appellant's previous conviction for domestic violence, and the jury found the same. The trial court sentenced appellant to ten months in prison, and ordered him to pay costs of the action.
 {¶ 7} Appellant now appeals his December 2, 2003 conviction, assigning as error:
 {¶ 8} "I. Appellant's conviction on the charge of domestic violence is against the manifest weight of the evidence."
 I {¶ 9} Appellant was charged with one count of domestic violence, in violation of R.C. 2919.25(A), which states:
 {¶ 10} "2919.25 Domestic violence
 {¶ 11} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 12} Appellant argues the State failed to prove beyond a reasonable doubt he caused physical harm to Ollis, and also the state failed to prove Ollis was a family or household member; therefore, the conviction was against the manifest weight of the evidence. Appellant maintains Ollis' grand jury testimony demonstrates her tendency to exaggerate and/or fabricate her description of the evening. Further, he asserts testimony of Ollis' mother's demonstrates her animosity for appellant. Appellant also argues the state failed to meet its burden of persuasion on the issue of the parties living together.
 {¶ 13} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 15} The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52, citing Statev. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 16} In the case sub judice, the jury was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. As to the physical harm caused to Ollis, the state introduced both the grand jury testimony of the victim, as well as photographs demonstrating her injuries. Both Petros and Ollis' mother testified they witnessed appellant strike the victim and drag her down the street towards the apartment. Furthermore, Ollis' mother, Petros and the responding officer each testified as to Ollis' physical injuries.
 {¶ 17} On the issue of the parties' living together, Ollis' mother testified at trial the parties had lived together "off and on for three years." Petros stated in his testimony appellant and Ollis were living together. Finally, In her own grand jury testimony, Ollis testified she and appellant were boyfriend and girlfriend for approximately four years and were living together on the date of the incident.
 {¶ 18} Based upon the above, we find there was sufficient, competent evidence to support appellant's conviction, and the same was not against the manifest weight of the evidence.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} Appellant's conviction and sentence in the Stark County Court of Common Pleas are affirmed.
Hoffman, P.J., Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's conviction and sentence in the Stark County Court of Common Pleas are affirmed. Costs assessed to appellant.